# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2801

_____

United States of America

*Plaintiff - Appellee*

v.

Patrick Deon Davis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: March 9, 2015
Filed: April 3, 2015
[Unpublished]

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Patrick Deon Davis entered a conditional guilty plea to possession with intent
to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). He appeals

the district court's[1] denial of his motion to suppress over 500 grams of cocaine that law enforcement discovered in his vehicle during a traffic stop. We affirm.

On January 20, 2013, Arkansas state police corporal Lowry Astin was observing traffic on Interstate 40 in Lonoke County. At approximately 9 AM he saw a black Chevrolet Equinox with a windshield that was cracked all the way across the top and bottom of the glass. Corporal Astin began following the vehicle, and he observed that the driver was speeding up, then slowing down, and swerving erratically within his lane. Due to the vehicle's cracked windshield and irregular driving, Corporal Astin pulled the car over to investigate a possible equipment violation and to ensure that the driver was not impaired by drugs or alcohol.

When Corporal Astin approached the vehicle and requested license information, he recognized the driver as Patrick Deon Davis, a parolee and resident of Forrest City, Arkansas. After offering a number of explanations for his driving and for the cracked windshield, Davis gave Corporal Astin consent to search his vehicle. The officer recovered a stack of $1,500 made up of $20 bills wrapped in rubber bands. After Corporal Astin discovered a large plastic bag containing over 500 grams of cocaine, he took Davis into custody. Davis was advised of his rights at the Lonoke County Sheriff's Office and agreed to waive those rights. Thereafter he admitted that the cocaine found in the car belonged to him. He was subsequently indicted for possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

Davis moved to suppress the cocaine found in his vehicle, arguing in the district court that Corporal Astin did not have probable cause or reasonable suspicion to conduct the traffic stop that led to the discovery of the drugs. The district court

---

[1] The Honorable Brian S. Miller, Chief United States District Judge for the Eastern District of Arkansas.

denied the motion to suppress, and Davis entered a conditional plea under Fed. R. Crim. P. 11.  Davis was sentenced to a term of imprisonment of 188 months, four years of supervised release, and a $100 special assessment.  He appeals the denial of his motion to suppress pursuant to his conditional plea.

The district court's "order denying the motion to suppress is reviewed under two standards: factual findings are examined for clear error and legal conclusions de novo."  United States v. Wright, 512 F.3d 466, 469 (8th Cir. 2008).  We "have previously observed that it is well established that a traffic violation—however minor—creates probable cause to stop the driver of a vehicle." United States v. Linkous, 285 F.3d 716, 719 (8th Cir. 2002).  Driving a vehicle with a windshield cracked across the driver's field of vision, like the cracked windshield here, is a "safety defect" under Ark. Code Ann. § 27-32-101(a)(2)(A). See Villanueva v. State of Arkansas, 426 S.W.3d 399, 402 (Ark. 2013).  Corporal Astin thus had probable cause to initiate the traffic stop at issue here.

Given that Corporal Astin had probable cause to stop Davis' vehicle, the officer was permitted to "ask the motorist routine questions such as his destination, the purpose of the trip, or whether the officer may search the vehicle." United States v. Garcia, 613 F.3d 749, 752–53 (8th Cir. 2010).  These "questions may be unrelated to the initial stop." Id. at 753.  Davis consented to Corporal Astin's request to search his car, and when "a motorist gives consent to search his vehicle, he necessarily consents to an extension of the traffic stop while the search is conducted." Id.  The district court thus properly concluded that Corporal Astin had probable cause to stop Davis' vehicle and that Davis voluntarily consented to the search that led to the discovery of the cocaine.

For these reasons we affirm the judgment of the district court.

_____

-3-